**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**Trenton Division**

| | | |
|---|---|---|
| KEVIN M. DICKAU,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES,<br><br>Respondent. | ) | **Civil No. 3:25-CV-3174**<br>**Related Criminal No. 3:20-00783**<br><br>**ORDER GRANTING MOTION TO SEAL** |

THIS MATTER having come before the Court upon Petitioner Kevin Dickau's Motion to Permanently Seal the Brief in Support of Petitioner's Motion to Vacate, Set Aside or Correct Sentence (ECF No. 2), the Exhibits in Support of Petition for Writ of Habeas Corpus (ECF No. 3), a portion of the Declaration of Philip A. Goldstein Regarding Exhibits in Support of Petition for Writ of Habeas Corpus [ECF No. 4], the Vacated Letter Order Denying Petitioner's Motion (ECF No. 15), the Reply Brief of Petitioner and Attachments (ECF No. 21), and the Letter Order Denying Petitioner's Motion (ECF No. 22); and the Court having considered the submission in support of Petitioner's Motion to Seal and the factors contained in Local Civil Rule 5.3(c); and for good cause shown, the Court makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1. On April 23, 2025, Petitioner Kevin M. Dickau filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("the Petition"). ECF No. 2. At the same time, Petitioner filed a Brief in Support of the Petition (ECF No. 3); multiple exhibits (ECF No. 3); and a Declaration by Philip A. Goldstein regarding the exhibits (ECF No. 4).

2. The Government filed a Response in Opposition to the Petition on May 28, 2025. ECF No. 14. For good cause shown, this Court granted the Government's Motion to Seal its Response and attached exhibits on June 11, 2025. ECF No. 20.

3. On June 5, 2025, this Court entered a Letter Order denying the Motion to Vacate, Set Aside, or Correct Sentence which was subsequently vacated. ECF No. 15.

4. Petitioner filed his Reply to the Government's Response on July 10, 2025. ECF No. 21. At the same time, Petitioner submitted exhibits in support of his Reply. ECF No. 21.

5. On July 14, 2025, this Court entered a Letter Order denying the Motion to Vacate, Set Aside, or Correct Sentence. ECF No. 22.

6. Petitioner filed the pleadings as described above under temporary seal in accordance with the Local Rules of the Court and now moves for the permanent sealing of these documents as well as the two Letter Orders entered by this Court.

With respect to the Declaration by Philp A. Goldstein (ECF No. 4), Petitioner seeks only to permanently seal a portion of the document as indicated by the redacted Declaration filed simultaneously with the Motion to Seal.

7. There is "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). However, "the common law right of access is 'not absolute'" and the presumption of access may be rebutted where the party seeking sealing demonstrates "'that the interest in secrecy outweighs the presumption.'" *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). "The movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

8. Local Civil rule 5.3(c)(3) requires a party seeking to seal materials filed with the Court to file a motion that describes:

a. the nature of the materials or proceedings at issue;

b. the legitimate private or public interest which warrants the relief sought;

c. the clearly defined and serious injury that would result if the relief sought is not granted;

d. why a less restrictive alternative to the relief sought is not available;

e. any prior order sealing the same materials in the pending action; and

f. the identity of any party or nonparty known to be objecting to the sealing request.

9. The Petitioner has moved to seal the pleadings and letter orders as described above under seal to prevent the disclosure of confidential and sensitive information regarding the basis for his Motion to Vacate, Set Aside, or Correct Sentence. After a review of the documents and content the Petitioner seeks to permanently seal, this Court finds that disclosure of the documents to the public on the Court's docket is not necessary and unsealing the documents would injure the interests of both the Government and the Petitioner.

10. With respect to the Declaration of Philip A. Goldstein, the Court finds that a less restrictive means is available in the form of the redacted version submitted by the Petitioner. With respect to the remaining documents to include Letter Orders entered by this Court, the Court finds that it is necessary to seal these documents in their entirety. These documents cannot be effectively redacted without causing a disclosure that would harm either or both parties to this matter.

11. The unsealed materials available on the public docket, including the Petitioner's Notice of the Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 1), provide information to the public sufficient to understand the general nature

of the dispute. Moreover, maintaining these documents under seal will not result in prejudice to the Government because they were provided to the Government by the Petitioner when filed.

12. Accordingly, the Court finds that good cause exists to seal the documents at issue pursuant to Local Civil Rule 5.3(c). The Court therefore permits the Clerk of Court to maintain the documents under seal.

IT IS on this 2nd day of December 2025

ORDERED that Petitioner's Motion to Seal [24] is GRANTED; and it is further

ORDERED that Brief in Support of Petitioner's Motion to Vacate, Set Aside or Correct Sentence (ECF No. 2), the Exhibits in Support of Petition for Writ of Habeas Corpus (ECF No. 3), a portion of the Declaration of Philip A. Goldstein Regarding Exhibits in Support of Petition for Writ of Habeas Corpus (ECF No. 4), the Vacated Letter Order Denying Petitioner's Motion (ECF No. 15), the Reply Brief of Petitioner and Attachments (ECF No. 21), and the Letter Order Denying Petitioner's Motion (ECF No. 22) shall be filed under permanent seal pursuant to L. Civ. R. 5.3.

Honorable Zahid N. Quraishi
United States District Judge